**William Glen ROSKIE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2008–CA–001466–MR.

Court of Appeals of Kentucky.

Sept. 25, 2009.

Shannon Dupree, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Julie Scott Jernigan, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, Chief Judge; THOMPSON, Judge; HARRIS,[1] Senior Judge.

---

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Ken-

*OPINION*

HARRIS, Senior Judge (Assigned).

William Roskie appeals from a Harlan Circuit Court order denying his motion to dismiss his indictment pursuant to the Interstate Agreement on Detainers (IAD). The sole question before us is whether Roskie waived his right to have final disposition of his case within 180 days by accepting a trial date that would occur after the time period lapsed. After reviewing the briefs and the record, we affirm.

On January 29, 2004, Roskie was indicted on four counts of first-degree trafficking in a controlled substance for allegedly selling oxycontin to an undercover police officer. Following the indictment, Roskie was lodged in the Northeast Correctional Complex in Tennessee to serve a sentence of imprisonment on unrelated charges. Mr. Roskie claims that he invoked his rights under the IAD on March 16, 2007. Roskie was transported back to Harlan County in May 2007 and was arraigned in June. At a pre-trial conference held on August 2, 2007, Roskie agreed to schedule trial for October 16, 2007. Prior to the date, the parties reached an agreement and scheduled a plea on October 18, 2007.

On October 11, 2007, Roskie filed a motion to dismiss under the Interstate Agreement on Detainers. After holding a hearing on the issue, the trial court overruled Roskie's motion. Roskie entered a conditional plea on December 14, 2007, reserving the right to appeal the trial court's denial of his motion to dismiss. Kentucky Rules of Criminal Procedure (RCr) 8.09. This appeal follows.

■ The Interstate Agreement on Detainers clearly sets forth the rights of defendants who are subject to the statute. Article III of the IAD, KRS 440.450, provides:

(1) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint[.]

■ Although a defendant has the right to be brought to trial within 180 days of providing notice of his imprisonment in another state, defense counsel may waive this right on behalf of the defendant. *New York v. Hill,* 528 U.S. 110, 115, 120 S.Ct. 659, 664, 145 L.Ed.2d 560 (2000). The United States Supreme Court, in *New York v. Hill,* stated:

Scheduling matters are plainly among those for which agreement by counsel generally controls. This case does not involve a purported prospective waiver of all protection of the IAD's time limits or of the IAD generally, but merely agreement to a specified delay in trial. When that subject is under consideration, only counsel is in a position to assess the benefit or detriment of the delay to the defendant's case. Likewise, only counsel is in a position to assess whether the defense would even be prepared to proceed any earlier. Requiring express assent from the defendant himself for such routine and often repetitive scheduling determinations would consume time to no apparent purpose. The

tucky Constitution and Kentucky Revised

Statutes (KRS) 21.580.

text of the IAD, moreover, confirms what the reason of the matter suggests: In allowing the court to grant "good-cause continuances" when either "prisoner *or his counsel*" is present, it contemplates that scheduling questions may be left to counsel. [Emphasis in original, citation omitted].

*Id.*

Roskie further argues that the failure of the trial court and the Commonwealth's Attorney to recognize that he was in custody and eligible for rights under the IAD negates his attorney's waiver of rights. In light of *New York v. Hill*, we find that this argument is without merit.

Our review of the record does not convince us that Roskie properly notified the Commonwealth's Attorney and Harlan Circuit Court of his place of imprisonment and of his request for final disposition of his Harlan County charges in accordance with the IAD. But assuming that he did so, we conclude that *New York v. Hill, supra,* is controlling and dispositive. Roskie, through his counsel, waived his right to trial within 180 days by agreeing to the October trial date.

Accordingly, the Harlan Circuit Court's order is affirmed.

ALL CONCUR.